UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER STEIN,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   **Case No. 22-cv-2226** |
| CITY OF NEW YORK,<br>    Defendant, | )<br>)<br>)<br>) |
| and | )   **COMPLAINT** |
| JULIE MENIN,<br>    Defendant, | )<br>)<br>)<br>) |
| and | )<br>) |
| SHAHANA HANIF,<br>    Defendant, | )<br>)<br>)<br>) |
| and | )<br>) |
| CRYSTAL HUDSON<br>    Defendant. | )<br>)<br>) |

Plaintiff ALEXANDER STEIN (hereinafter, "Plaintiff" or "Stein"), by and through his undersigned counsel, respectfully alleges as follows:

### INTRODUCTION AND STATEMENT OF THE CASE

1.  On March 7, 2023, Plaintiff Alexander Stein was silenced and then ejected twice from two separate public New York City Council committee meetings: a meeting of New York City Council's Committee on Small Business and a meeting of New York City Council's Committee on Immigration. On March 14, 2020, Mr. Stein was silenced and then ejected from a third public meeting of the New York City Council's Committee on Aging. Mr. Stein was ejected from the meetings for no other reason than for the content of his speech, in violation of his rights

under the First, Fifth, and Fourteenth Amendments of the Constitution, as well as under Article I, Section 8 or the New York Constitution.

2. In accordance with council rules, Mr. Stein registered to speak at all three meetings via video conference during the time allowed for public comment to call attention to the serious issues of crime, the fentanyl epidemic, vaccine mandates, police reform, drug trafficking, and sex trafficking and other issues that adversely impact New York's residents because of the failure of the city officials and their policies.

3. In all three meetings, before Mr. Stein's allotted time had expired, he was interrupted and/or muted and then ejected by the respective chair of the meeting. The three chairs were Defendant Councilwoman Julie Menin, Defendant Councilwoman Shahana Hanif, and Defendant Councilwoman Crystal Hudson.

4. Defendants Menin, Hanif, and Hudson ejected Mr. Stein in violation of Mr. Stein's constitutional rights.

5. When Defendant Menin ejected Mr. Stein, she expressly stated the reason she cut off Mr. Stein: "We don't do that in chambers, we're not making a mockery so you can use this for your television show. We don't do that. Just to be clear, ok. This is a serious hearing with serious questions." When Defendant Hanif ejected Mr. Stein, she expressly stated the reason she cut off Mr. Stein: "We don't support xenophobia in my committee, so I am going to go ahead and have you muted."

6. Defendant Hudson said nothing when she muted Mr. Stein, demonstrating an established policy to deny, mute and eject Mr. Stein and to deprive him of his right to comment at public meetings.

7. Mr. Stein seeks declaratory relief and damages for the violation of his constitutional rights.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343(3), and 42 U.S.C. § 1983, which confer original jurisdiction on federal district courts in suits to redress the deprivation of rights, privileges and immunities secured by the laws and Constitution of the United States. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because the acts and transactions complained of occurred, and continue to occur in this District.

**PARTIES**

10. Plaintiff ALEXANDER STEIN is an adult citizen of the State of Texas.

11. Defendant CITY OF NEW YORK is a corporation authorized to do business in the state of New York and having its principal place of business there.

12. Defendant JULIE MENIN is a member of New York City Council, the Chair of the New York City Council Committee on Small Business and presided over the public meeting from which Plaintiff was ejected.

13. Defendant SHAHANA HANIF is a member of New York City Council, the Chair of the New York City Council Committee on immigration and presided over the public meeting from which Plaintiff was ejected.

14. Defendant CRYSTAL HUDSON is a member of New York City Council, the Chair of the New York City Council Committee on Small Business and presided over the public meeting from which Plaintiff was ejected.

**FACTS**

15. On March 7, 2023, Mr. Stein attended via video conference and presented public comments at two separate public committee meetings of the New York City Council. He attended a meeting of the New York City Council's Committee on Small Business, and then he attended a meeting of the New York City Council's Committee on Immigration.

16. Defendant Julie Menin presided over the meeting of the Committee on Small Business.

17. Mr. Stein prepared a speech to bring attention to serious problems that are persistent in the City of New York that are the direct result of the failures of the City Council and its policies.

18. Mr. Stein frequently speaks at City Council meetings and is known for using humor to bring attention to serious social and political issues.

19. Mr. Stein's intended purpose of speaking at the Committee on Small Business meeting was to bring attention to, among other things, the escalation in crime, the lack of policing, vaccine mandates, and the fentanyl epidemic that is adversely affecting New York's small businesses.

20. Mr. Stein is widely known for his speeches at public meetings because he incorporates humorous anecdotes to bring attention to these serious issues.

21. Mr. Stein has a television show called "Prime Time with Alex Stein" on Blaze TV.

22. Because of Mr. Stein's platform and his ability to use humor to bring attention to serious social and political issues, millions of American citizens, including New York residents and small businesses owners, who feel otherwise disenfranchised and ignored by their elected officials, consider Mr. Stein to be a mouthpiece for expressing their grievances to elected officials in a manner that their voices will be heard.

23. At the meeting of the Committee on Small Business on March 7, 2023, after Mr. Stein was given the floor to deliver his public comment, but before Mr. Stein's allotted time had expired, Defendant Menin, who presided over the meeting, interrupted Mr. Stein and ordered him to be muted and ejected from the meeting.

24. When Defendant Menin ejected Mr. Stein, she said on the record, "We don't do that in these chambers, we're not making a mockery so you can use this for your television show. We don't do that.  Just to be clear, ok.  This is a serious hearing with serious questions."

25. At the same meeting, other speakers offered public comments via video conference, and they were not muted and then ejected.

26. Aside from the content of their comments, those other speakers were similarly situated to Mr. Stein.

27. Though Mr. Stein used humor, his comments were serious concerning serious issues.

28. The New York City Council does not have a policy against incorporating humor in a comment to make a point.

29. Also on March 7, 2023, after Mr. Stein had been ejected from the meeting of the Committee on Small Business by Defendant Menin, Mr. Stein attended via video conference a meeting of the Committee on Immigration presided over by Defendant Hanif.

30. Mr. Stein registered to deliver a public comment at the meeting of the Committee on Immigration to address the dangerous consequences of certain immigration policies, including drug trafficking, sex trafficking, and dangers to public health.

31. After Mr. Stein was given the floor to deliver his public comment, but before Mr. Stein's allotted time had expired, Defendant Hanif, who presided over the meeting, interrupted Mr. Stein and ordered him to be muted and ejected from the meeting.

32. When Defendant Hanif ejected Mr. Stein, she said on the record, "We don't support xenophobia in my committee, so I am going to go ahead and have you muted."

33. Defendant Hanif gave no definition for "xenophobia," did not explain how Mr. Stein's comments constituted "xenophobia," and cited no rule or policy that supported her decision to mute and eject Mr. Stein from the meeting before completing his public comment.

34. Defendant Menin's and Defendant Hanif's comments show that their respective decisions to eject Mr. Stein were based on the content of his speech.

35. On March 14, 2023, Mr. Stein attended a meeting of the New York City Council Committee on aging, with Defendant Hudson presiding.

36. Once again, Mr. Stein was muted and ejected before his allotted time had expired.

37. Defendant Hudson muted and ejected Mr. Stein without saying a word, demonstrating that the City has a policy of muting and ejecting Mr. Stein whenever he attempts to deliver a public comment.

38. Defendant's Menin's and Defendant Hanif's identical actions taken on the same day just hours apart clearly show that they were acting according to a policy of New York's City Council to prevent Mr. Stein from delivering public comments during public meetings.

39. Defendant Hudson's actions a few days later also demonstrates that these are not isolated actions, but a policy directed at Mr. Stein.

40. Defendants Menin, Hanif, and Hudson acting on behalf of the City of New York, imposed a restriction on Mr. Stein's speech that was not viewpoint neutral.

41. Defendants Menin, Hanif, and Hudson, acting on behalf of Defendant City of New York, imposed a restriction on Mr. Stein's speech that was unreasonable under the circumstances.

42. Defendants Menin, Hanif, and Hudson, acting on behalf of Defendant City of New York, imposed a restriction on Mr. Stein that was not imposed on similarly situated individuals.

43. The content of Mr. Stein's speech did not violate any lawful City Council policies for public comments.

44. Mr. Stein was similarly situated to all public commenters who did not violate City Council policies for public comments.

45. As members of City Council, Defendants Menin, Hanif, and Hudson's actions may fairly be said to be those of the municipality.

46. Defendants Menin, Hanif, and Hudson's actions were expressly taken so that Mr. Stein could not publish his comment on his television show.

## CAUSES OF ACTION

### COUNT I
**All Defendants**
United States Constitution
42 U.S.C. § 1983: First Amendment
Freedom of Speech

47. The foregoing paragraphs are incorporated by reference as if set forth fully herein.

48. Defendants have deprived Plaintiff of his right to freedom of speech, as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment without using the least restrictive means of achieving a compelling governmental interest.

49. As representatives of the City of New York, or as the City itself, acting pursuant to an official policy, Defendants were acting "under color of law."

**COUNT II**
**All Defendants**
United States Constitution
**42 U.S.C. § 1983: First Amendment**
**Prior Restraint**

50. The foregoing paragraphs are incorporated by reference as if set forth fully herein.

51. Defendants have imposed a prior restraint on Mr. Stein's right to free speech as secured by the First Amendment to the United States Constitution and made applicable to the States by the Fourteenth Amendment

52. As representatives of the City of New York, or as the City itself, acting pursuant to an official policy, Defendants were acting "under color of law."

**COUNT III**
**All Defendants**
United States Constitution
**42 U.S.C. § 1983: Fifth Amendment**
**Due Process of Law**

53. The foregoing paragraphs are incorporated by reference as if set forth fully herein.

54. Defendants have deprived Plaintiff of his right to due process of law, as secured by the Fifth Amendment to the United States Constitution, by impermissibly depriving Plaintiff of his freedom of speech without providing Plaintiff with due process.

55. As representatives of the City of New York, or as the City itself, acting pursuant to an official policy, Defendants were acting "under color of law."

## COUNT IV
### All Defendants
### United States Constitution
### 42 U.S.C. § 1983: Fourteenth Amendment
### Equal Protection

56. The foregoing paragraphs are incorporated by reference as if set forth fully herein.

57. Defendants have deprived Plaintiff of his right to equal protection of the laws, as secured by the Fourteenth Amendment to the United States Constitution, by impermissibly treating Plaintiff in a different manner as others in similar conditions and circumstances.

58. As representatives of the City of New York, or as the City itself, acting pursuant to an official policy, Defendants were acting "under color of law."

## COUNT V
### All Defendants
### New York State Constitution
### Article I, Section 8
### Freedom of Speech

59. The foregoing paragraphs are incorporated by reference as if set forth fully herein.

60. Defendants have deprived Plaintiff of his right to freely speak, write and publish his views on matters of public importance.

## PRAYER FOR RELIEF

A. An order declaring Defendants' conduct to be unlawful and unconstitutional;

B. An order enjoining Defendants from continuing to engage in conduct found to be unconstitutional;

C. An order enjoining Defendants from depriving Plaintiff of his constitutional right of free speech at public meetings;

D. An order awarding Plaintiff's damages for the violation of Plaintiff's constitutional rights;

E. An order awarding punitive damages.

F. An order awarding reasonable Plaintiff attorneys' fees for bringing this action.

G. Any other relief the Court judges to be proper.

## DEMAND FOR JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury in this action on all issues so triable.

Dated: March 15, 2023						Respectfully submitted,

By: /s/ Eden P. Quainton\
EDEN P. QUAINTON\
QUAINTON LAW, PLLC\
SDNY Bar ID: EQ2646\
2 Park Ave., 2nd Floor\
New York, New York 10016\
(212) 419-0575\
equainton@gmail.com

*Attorney for Plaintiff*

/s/ Jonathan Gross\
Jonathan Gross, *application submission pending*\
NY Bar ID: 5993001\
THE CLEVENGER FIRM\
2833 Smith Ave, Suite 331\
Baltimore, MD 21208\
(443) 813-0141\
jon@clevengerfirm.com

*Attorney for Plaintiff*